And I believe, Counsel, you're a student, right? Yes. Well, a recently graduated law student. We're delighted to have you here, and we appreciate your supervision, so please proceed. Thank you. Good morning, Your Honors. May it please the Court, my name is Sam Hyams, and I am a certified law student being supervised by Catherine Davis of the UCI Law Appellate Litigation Clinic. I am speaking on behalf of the petitioner, Juan Valdez. At this time, we would like to ask for two minutes for rebuttal. We'll try to help you with that, but there's a little clock there, so just watch when it goes down. So when you get to two minutes, if you want to save some time, by all means. Perfect. Thank you. This Court should reverse the District Court and grant habeas relief for Mr. Valdez because TCI, Taft Correctional Institution, violated federal regulations in Mr. Valdez's due process rights. First off, federal regulations unambiguously state that only a federal employee who is an employee of the Bureau of Prisons or Federal Prison Industries, Inc., can take disciplinary action against a federal inmate. Counsel, before we get to that, though, I was troubled by the fact that it seems like everything your client was looking for personally, he's already achieved. As I understand it, he wanted his good time credits restored and the penalty expunged from the record. And I understand that's been done. Is that correct? Well, the issue is that the violation of PAC Section 328 is still on his disciplinary record. I thought that was expunged. It has not. If your Honor looks at the second judicial notice that was filed, which is the Hernandez Declaration, attached to that is a copy of Mr. Valdez's disciplinary record. Where is this in the record, if you don't mind? Yes. It is right here. You knew we were going to ask you about the record, didn't you? I told you that. It is attached to Apelli's motion to take judicial notice, which was filed on January 27, 2017. And what's the ER or the SER reference? That's what we go by. It is not part of the ER. I'm not actually sure. I apologize. I'll tell you what. Why don't you do this, Counsel? Do you know what a 28J letter is? Yes. Why don't you give us and opposing counsel a 28J letter right after the hearing that has the ER reference to the document to which you make reference? Of course. But your colleague on the other side has seen this document. Is that right? Yes. So what is your response? Maybe you can sort of shortcut things by going to why that response is wrong. Well, my colleague on the other side filed this. And there's a declaration from an administrator from the Bureau of Prisons. And attached to that is a copy of Mr. Valdez's disciplinary record. And the violation is still on there. Well, the violation itself, and I'll help you out. It's at docket 50, page 8. I don't think it was made a part of the excerpts of record. The sanction for loss of good time credit has been expunged, right? Yes. But the sanction for his commissary is still listed along with the violation. Yes. So I'm looking at the record correctly here. Your argument, as I understand it, is that he is still entitled to some additional relief because he's potentially subject to enhanced sanctions, assuming that he'll pick up some violation in the future. Yes, because this— Then let me ask you this. Why isn't that too speculative? Well, this court has stated that having a conviction on someone's record is a collateral consequence because it is used to assess harsher punishment. Also, this has been addressed in terms of the disciplinary violation context in Wilson. The thing about Wilson, though, is that in Wilson, the argument was that this was a collateral consequence because that violation would be used in parole hearings. And the court said that this doesn't apply because it's too speculative because a parole hearing is discretionary and a violation is just one of many factors. This case is different, though, because we know that a violation is used directly to assess harsher punishment. For instance, the UDC—let me pull this out to have the record sites. The UDC recommends harsher punishment based off of previous disciplinary actions. This is in 2 ER 45. Furthermore, BOP policy 5270.09 states that an adjudicator should refer to an inmate's prior discretionary record. Also, the Hernandez Declaration that we've been talking about states that the Bureau of Prisons' policy is to assess punishment based off of previous violations. Counsel, are you familiar with the case of Spencer v. Kenna? It's a Supreme Court case from 1998. Yes. You know that that suggests that what you're alleging would not meet the case or controversy requirement. It's too speculative. You don't know what's going to happen in the future. Why would your client have standing in this case to ask for anything further to be done since he's obtained the relief that he expressly sought? I know you want to avoid collateral consequences, but why does your client have standing to do that? Well, Chacon has stated that once a liberty interest has been established, once the habeas case has made it through, even though that liberty interest has been returned, it does not necessarily moot the case. And Spencer recognized this but differentiated that because they said that this wasn't a collateral consequence because that violation would be too speculative in parole hearings. But in our case, this is not about a parole hearing. This is about future disciplinary punishment within the prison, and we know that that violation is a direct consequence. It's not speculative in the way that it would be used in a parole hearing. Therefore, it is a collateral consequence. The case is not moot. What would you regard as the underlying conduct here for which your client was penalized? I'm sorry. You took money from another inmate, right? You don't know. We do know because he's acknowledged that he gave the other inmate his account number, right? In the DHO report, there's a quote. It's the only three sentences of testimony from Mr. Valdez. That's all you need, right? It says that he admitted that he gave his register number, which is the register ID number for whole prison. Okay, so we have that, and we know he admitted that he did the work for him, right? He did admit to doing the work in that DHO report, too. So those two pieces of underlying conduct, we know that he did. And that money was received in his account. The issue, though, is that we don't know the context of that statement. We don't know why he gave the registration number. We don't know when the appeal happened. We don't know if this is even connected to any of this. Besides those three lines, which are out of context, we have no actual independent evidence of any of this. Counsel, you wanted me to remind you of your time. It's up to you. You can keep going, but you're at 1.53 now. Do you want to save your time to come back for rebuttal, or do you want to continue now? I would like to save some time for rebuttal, Your Honor. Okay, very good. Thank you. Good morning. Good morning. May it please the Court, my name is Heidi Adams, and I represent the respondent and appellee, Michael Benov. As a threshold matter, this case is moot. The sole remedy sought by Valdez is the restoration of 13 days of good conduct time. This, as I think you mentioned previously, this good conduct time has now been restored, and therefore the sole remedy sought by Valdez is no longer available because it's been restored, and the case is moot. Why aren't there collateral consequences? Your opponent suggested there are because of what he claims is still in the record. Why is that not the case? Well, I think you hit the nail on the head when you said that it's speculative to say that he'll be punished in the future as a result of the PAC Section 328 violation. Well, why don't they just expunge the record then if no one's ever going to use it for anything? That's a very good question. I'm not sure of the answer to that. But I will say that I think that the argument that the case is no longer moot due to the PAC 328 violation, I think that argument is a red herring. This case is not about whether or not TCI has the authority to determine a code violation. This case is about whether or not TCI has the authority to actually sanction or discipline an inmate for a code violation. Moreover, I want to point out that, you know, the record shows that there is more than sufficient evidence for that code violation determination to be made. The regulation for discipline has changed since he picked up this violation. Correct. Is counsel correct that even under the new discipline regulations, the prior sanction would be counted or would be used in some way to enhance any future punishment? Do you know the answer to that? I do not know the answer to that, actually. My assumption would be that it would not be counted towards further punishment because of the repeal in 2011. But I'm not entirely certain on that point. But in any event. But in any event, the record does show that there was, at the very least, some evidence to support the prison's determination that Valdez did violate that code. And I just don't think there's any basis for this court to overturn that determination that was made by the prison. If I understand correctly, the administrative, discipline administrator, Ismael Hernandez, determined that, in fact, the BOP policy was not violated because that required two or more moderate category offenses in order to have good time credit affected. And that had not occurred in this case. Is that correct? I believe that's correct, yes. Okay, so that's correct. And he didn't violate the regulations. So since the good time credit's been restored and he didn't violate the regulation, why would anything remain on the record at this point? That is a very good question. I'm not entirely sure of the answer to that. Are you, by chance, authorized to commit the BOP to expunge that so we can save a lot of extra time for everyone concerned? I'm not. I'm actually not employed by the BOP, so I don't represent them. I represent Mr. Benov. So for our purposes of this case, I gather you're saying that, arguably, since this was, at one point, a problem, that it could be considered in the future, right, in terms of a future violation? Well, I mean, I think there are two points to be made. One is that the particular regulation in question was repealed in 2011, and secondly, I think it's speculative to say that. Right, but that's a slightly different question, which is why I asked if you knew the answer to whether it would be enhanced. The regulation has been repealed. Yes. New regulations are in place, so I take it that any future violations that he may pick up, that's the speculative part, right? He may not incur any additional violations for the duration of his confinement. Exactly. But if he does pick up a violation, that will be adjudicated under the new disciplinary regime. But the problem is that the fact of a prior violation, albeit under the prior regime, is still there on the record. Right. So that leads me to the question of under the new disciplinary regulation, is that old violation on the record going to be utilized to basically enhance future punishment? I think that's the argument that they're trying to advance as to why the case is not moot, because there's still an additional relief of expungement of that violation from the record. Right, and I understand the argument. And I think the answer to that is that the violation itself is supported by the record. There's more than enough evidence to support that finding by the prison officials that Mr. Valdez violated PAC Section 328. So there's just simply no reason to strike that from the record. As you know, in Spencer v. Chemna, the Supreme Court said that a claim that is, in quotes, contingent upon a petitioner's violating the law, getting caught, and being convicted does not confer standing. The last part, those are my words, but the other part is a quote. Does that have any bearing on whether this case is moot? Can you repeat the case and the question? This is Spencer v. Chemna. It's a Supreme Court case of 1998, and they rejected an argument somewhat similar to what's being made here about collateral consequences on the basis that when you're making a claim like this that is, in quotes, contingent upon a petitioner's violating the law, getting caught, and being convicted, and then I'm adding my words, they have no standing. Doesn't that solve your problem? Yeah, I agree. I don't think there's a case in controversy. I don't think it meets the standard. I guess I'm unclear as to why you cannot find an answer whether this could be expunged and whether it could be used. I mean, isn't there someone you can ask? I mean, it's a simple question, yes or no. I would ask the Court if I could submit a post-hearing brief on that issue because I'm just not sure of the answer to that. I think I'll defer to my colleagues for that. We'll follow up and ask if we need it. Okay, great. Thank you so much. Okay. So in a nutshell, you know, I think the case is moot. I think that's quite clear from the record. Court, any questions? Any other questions about my colleagues? No, thank you. Thank you very much. Thank you. Appreciate your argument. So we'll hear from our young colleague again. You're doing great. Keep up the good work. First off, I would like to address a couple things that opposing counsel raised. First off, this case is not moot because, again, the violation is clearly still on Mr. Valdez's disciplinary record. And also we are challenging the entire disciplinary action in general, not just the good time credit. The actual violation, we say, was not allowed. Forgive me, counsel, but perhaps I misunderstood your pleading. But I thought what you were trying to do was get the good time credit restored for your client, right? Isn't that the plea? In our initial pleading, it states that. And you wanted to get that by using what you said was a violation of law. That was your hook to get the good time credit returned, right? Yes. And he's got that returned. So that's what I'm struggling with here. Yes, there may be future collateral consequences, but the reality is what you prayed for, i.e., the restoration of the good time credit has occurred, perhaps as a result of your fine work. But nonetheless, you got what you prayed for. Did you pray that in the event the good time credits were restored, that nonetheless you needed to get a resolution of the underlying regulation? Yes, because it was implied that the regulation would be expunged too. In all cases involving mootness. Was it implied? Well, so in all cases. This is an implied prayer? It is. Because in all cases involving. That's not religious. Sorry. Never mind. In all cases involving mootness and collateral consequences in the habeas context, they involve like Chacon, Spencer, Wilson, they all involved the petitioner receiving their liberty interest, their good time credit, or whatever back. But the case was still not moot because there were these collateral consequences, and they had asked for the liberty interest back, not for the collateral consequence, but the case was still moot because the collateral consequence was still there. Okay. Your time is up, but let me ask my colleagues, do either of my colleagues have additional questions for this gentleman? The only question I have is just to follow up on that and the Chief Judge's question to you. So in your first brief, you asked the court to grant habeas relief and reinstate the loss of good conduct time. You don't say anything about collateral consequences, do you? We do not because, as we said, it was implied that since we're disputing the entire disciplinary action in total, it was the return of the good time credit and also the expungement of that from his record. And this is in line with case law dealing with collateral consequences in a habeas context. All right. Any other questions? Thank you very much, and we congratulate you on your first. Is this your first appearance before the Ninth Circuit? Yes, it is. Well, you did a fine job.  Thank you. Thank you for accepting the appointment. We appreciate you being here, and thank UCI for having these young lawyers come and participate. We think it's a great thing. Models for the rest of the morning. Indeed. So the case just argued is submitted. We thank both counsel, and we will decide it.
judges: Motz, M. Smith, Nguyen